IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **HENRIK HAUSCHILDT** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 6:24-cv-0086-ADA-JCM** |
| | § | |
| **AGTEXAS FARM CREDIT SERVICES** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) & (6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AgTexas Farm Credit Services, and makes and files this, its Motion under Rule 12(b)(1) & (6) to Dismiss Plaintiff's Complaint for the failure to establish subject-matter jurisdiction and for failure to state a claim for which relief can be granted and in support would show as follows:

**I.   OVERVIEW OF PLAINTIFF'S PLEADING & GOOD FAITH ATTEMPT TO DISCERN CLAIMS ASSERTED THEREIN**

1.  Plaintiff's Complaint for Damages and Jury Demand (Doc. 1) was filed on February 15, 2024 (the "Complaint"). Plaintiff complains of two loans extended by Defendant AgTexas Farm Credit Services ("AgTexas"), loan #179101622 and loan #179101623. (Doc. 1 at ¶10-11) Plaintiff further alleges that he agreed for the proceeds of his farm to be dispersed by AgTexas but does not otherwise explain this alleged agreement. (Doc. 1 at ¶13) Plaintiff further alleges that "[i]mproper performance was made on these loans by extraneous and unnecessary Federal Reserve Notes being used to pay the accounts" or through "blank indorsement". (Doc. 1 at ¶14, 20) Plaintiff alleges that "proper performance" of the loans would have been through "special indorsement on

the original collateral securities" or to "indorse the original collateral securities under special negotiation . . . ." (Doc. 1 at ¶15-16) Plaintiff alleges that AgTexas acted fraudulently by requiring collateralization of the loan. (Doc. 1 at ¶47) Plaintiff also alleges, without explanation, that "[u]nder special negotiation, HENRIK HAUSCHILDT is actually the lender and Henrik Hauschildt is the borrower. AgTexas is just a currency exchange at this point and facilitates Federal Reserve services." (Doc. 1 at ¶127)

2.  Plaintiff additionally alleges that Brandon Joe Williams, whom Plaintiff claims is Plaintiff's attorney-in-fact, sent "orders" to Defendant AgTexas that "all previous blank indorsements on all negotiable instruments were being converted to special indorsements due to fraud." (Doc. 1 at ¶39, 44)) Plaintiff contends these orders also eliminated "all collateral and security interest in anything beyond the original promissory notes." (Doc. 1 at ¶46) Plaintiff also contends these orders constitute an "unconditional tender of payment in accordance with UCC 3-603" on the loans and "payment for US dollars." (Doc. 1 at ¶48-49) By these orders, Plaintiff contends he is now "the holder in due course regarding all negotiable instruments on all the above accounts" and "entitled to enforce all negotiable instruments on all the above accounts." (Doc. 1 at ¶53-54)

3.  The Complaint mentions 12 U.S.C. § 504, 18 U.S.C. § 1956, 18 U.S.C. § 2314, 18 U.S.C. § 1348, 18 U.S.C. § 1581, 18 U.S.C. § 1583, 18 U.S.C. § 1584, 18 U.S.C. § 1589, and 18 U.S.C. § 1593A, and state law claims for breach of contract and breach of fiduciary duty.

## II.   AUTHORITIES AND ANALYSIS

A.  STANDARD FOR DISMISSAL UNDER RULE 12(b)(1)

4.  When grounds for dismissal exist under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Court should dismiss under 12(b)(1) without reaching the question of failure to state a claim. *McLean v. Obama,* 2015 WL 3966426 *1 (E.D. La. 2015), citing *Hitt v. Pasadena,* 561 F.2d 606,

608 (5th Cir. 1977). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). In order to invoke this limited jurisdiction, a Plaintiff's allegations must set forth substantial, colorable allegations. *See Dilworth v. Dallas County Community College Dist.,* 81 F.3d 616, 617 (5th Cir. 1996) (citing *Olivares v. Martin,* 555 F.2d 1192, 1195 (5th Cir. 1977)). "When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Id.*; *see also McLean v. Obama,* 205 WL 3966426 *2 (collecting Fifth Circuit authority).

B.   **STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)**

5.   Under *Federal Rule of Civil Procedure* 12(b)(6), a federal court is authorized to dismiss a complaint that fails "to state a claim upon which relief can be granted." A court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A Court need not, however, "accept as true a legal conclusion couched as factual allegation" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Naked "the-defendant-unlawfully-harmed-me accusations," devoid of factual enhancement, are insufficient to survive a motion to dismiss.  *Id.* (citing *Twombly*, 550 U.S. at 557).

6.   Rather, the plaintiff must plead specific facts to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The plaintiff must plead "enough facts to" demonstrate that he has a "claim to relief that is **plausible on its face.**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Supreme Court has made clear this plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant

has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, . . . ." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

7. Although the court must accept well-pleaded facts as true, legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 678-79 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004)). Nor should a court assume that a plaintiff can prove facts that were not alleged. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 443 (5th Cir. 1986). Dismissal is appropriate where the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

8. In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a Complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Second, the Court "consider[s] the factual allegations in [the Complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. But "when allegations within a complaint are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously

frivolous, plainly unsubstantial, or no longer open to discussion,' a federal court lacks subject matter jurisdiction to adjudicate the claim." *Starrett v. Lockheed Martin Corp.*, 735 F. App'x 169, 170 (5th Cir. 2018) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

B.  **PLAINTIFF HAS NOT ALLEGED A PLAUSIBLE CLAIM AGAINST DEFENDANT**

9. The details of Plaintiff's claims regarding special indorsements versus blank indorsements, and tenders of performance via bills of exchange and negotiable instrument are largely impenetrable and nonsensical. These claims rely on fictional legal instruments and frivolous theories have been held to be completely unfounded and frivolous under decades of federal precedent and law. *See Hennis v. Trustmark Bank,* No. 2:10CV20-KS-MTP, 2010 U.S. Dist. LEXIS 45759, at *9 (S.D. Miss. 2010) and the cases cited therein. Claims that debts have been paid under the redemption theory by issuance of bills of exchange or other similar instrument have likewise been dismissed as frivolous. *See id.* at *16-*18 (citing *Bryant v. Washington Mutual Bank,* 524 F. Supp. 2d 753, 760 (W.D. Va. 2007) (thoroughly discussing the "revisionist legal history and conspiracy theory" basis of claims that debtors may issue a bill of exchange requiring the United States to pay their debts to third parties out of secretly held trust accounts for each citizen and dismissing plaintiff's claims as "clearly nonsense in almost every detail"); *In re Marriage of Edwards*, 2008 Cal. App. Unpub. LEXIS 5992, 2008 WL 2854829 at **4 (Cal. App. 5 Dist. July 25, 2008) ("More important, tender of the documents, including the bill of exchange, was a sham and did not constitute merely a defective tender of payment; instead, 'it amounted to no tender at all.' Respondent had no obligation to respond to the sham tender of payment, whether by specific objection or otherwise."); *Mould v. Saxon Mortg. Servs., Inc.,* 2005 WL 1950268 at *2 (W.D. Wash.) (Aug. 12, 2005) (dismissing claim that plaintiffs' debt was discharged by offering bill of exchange for failure to state a claim); *McElroy v. Chase Manhattan Mortg. Corp.,* 134 Cal. App.4th 388, 393, 36 Cal. Rptr. 3d 176 (Cal. App. 4 Dist. 2005) ("we unhesitatingly conclude the

Bill is a worthless piece of paper, consisting of nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing."). *See also McLaughlin v. CitiMortgage, Inc.,* 726 F. Supp. 2d 201, 209 (D. Conn. 2010), which discusses in detail the "Redemptionist" theory; the "vapor money" theory; and the "unlawful money" theory, and finds that if the plaintiff's claims "are premised on one or more of the above-described theories, that fact alone would be sufficient to grant [Defendant's] Motion to Dismiss, as all three of these theories have been universally and emphatically rejected by numerous federal courts for at least the last 25 years." Because Plaintiff's frivolous and largely nonsensical claims are based on tenuous and unfounded theories rejected by federal courts across the nation for over 25 years, they should all be dismissed on that basis alone.

10. In the exercise of caution, however, Defendant will address the attempts to state causes of action mentioned in the Complaint and show why they should be dismissed.

### 1. *Private Individuals Do Not Have a Private Right of Action to Enforce 12 U.S.C. § 504, 18 U.S.C. § 1956, 18 U.S.C. § 2314, 18 U.S.C. § 1348.*

11. The provisions 12 U.S.C. § 504 imposes penalties on banks for an array of misconduct under Title 12. Plaintiff does not identify what, if any, provision of Title 12 that Defendant AgTexas allegedly violated. *See Green v. Lumico Life Ins.,* No. 1:23-CV-01274-RP, 2024 U.S. Dist. LEXIS 15586, at *4 (W.D. Tex. 2024). "When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute." *Id.* (citing *Lowe v. ViewPoint Bank,* 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 817, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986))). Because Title 12 does not confer on private citizens the right to sue for violations, Plaintiff's claim for damages pursuant to 12 U.S.C. § 504 must be dismissed. *See id.*

12. 18 U.S.C. § 1956, 18 U.S.C. § 2314, 18 U.S.C. § 1348 are all criminal statutes. *See Richardson v. Avery*, No. 3:16-CV-2631-M-BH, 2018 U.S. Dist. LEXIS 182589, at *9 (N.D. Tex. 2018) (as to 18 U.S.C. § 1956); *Lai v. Guller*, No. 3:18-CV-1121-B-BK, 2018 U.S. Dist. LEXIS 199548, at *4 (N.D. Tex. 2018) (as to 18 U.S.C. § 2314); and *Deramus v. Shapiro Schwartz, LLP*, No. 4:19-CV-4683, 2020 U.S. Dist. LEXIS 113177, at *6 (S.D. Tex. 2020) (as to 18 U.S.C. § 1348). Criminal statutes cannot be enforced in a civil action. *Florance v. Buchmeyer,* 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). "Private citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.,* No. 3:09-CV-1671-N, 2009 U.S. Dist. LEXIS 124706, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry,* 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)); *see also Pham v. Tex. State Bd. of Dental Exam'rs,* No. A-17-CV-1008 RP, 2018 U.S. Dist. LEXIS 140302, 2018 WL 3978371, at *2 n.2 (W.D. Tex. Aug. 17, 2018). As a result, because Plaintiff does not have a right to enforce these criminal statutes, all of Plaintiff's claims under 18 U.S.C. § 1956, 18 U.S.C. § 2314, and 18 U.S.C. § 1348 must be dismissed for failure to state a claim.

### 2. *Plaintiff Has Not Alleged Facts to Support a Claim under 18 U.S.C. § 1581, 18 U.S.C. § 1583, 18 U.S.C. § 1584, 18 U.S.C. § 1589, and 18 U.S.C. § 1593A.*

13. Plaintiff also refers to 18 U.S.C. § 1581, 18 U.S.C. § 1583, 18 U.S.C. § 1584, 18 U.S.C. § 1589, and 18 U.S.C. § 1593A, which all fall under Chapter 77 of Title 18 for peonage, slavery, and trafficking in persons. While § 1595 of Chapter 77 does provide for a civil remedy by a private citizen who is a victim of a violation of Chapter 77, Plaintiff's Complaint includes no factual allegations that sufficiently explain how Defendant AgTexas violated the above statutes.

14. As best Defendant can determine, Plaintiff's claims under Chapter 77 can be summarized as follows: Defendant AgTexas "forced" or "enticed" Plaintiff into paying the loans with federal reserve notes rather than informing Plaintiff that he could instead use a "special

indorsement" or "special negotiation". (Doc. 1 at ¶99, 105, 108, 113, 118-119, 123, 128) Plaintiff further alleges that AgTexas fraudulently required that he pledge collateral on the loan (Doc. 1 at ¶100, 102, 107, 110, 124-125), for which he received no adequate consideration in exchange and falsely claimed that Plaintiff was in debt (Doc. 1 at ¶101, 126-127), thereby forcing him into forced or involuntary servitude to work to pay off that debt. (Doc. 1 at ¶99, 103, 109, 121)

15. Notably, Plaintiff's Complaint acknowledges that he voluntarily entered into the loans with Defendant and that all credit extended under the loans was with his permission. (Doc. 1 at ¶10-13) From there, Plaintiff's alleged basis for his claims under Chapter 77 devolve into his nonsensical and illogical "general indorsement" vs. "special indorsement" theories for which there is absolutely no basis in either federal or state law. Plaintiff's theories, while not directly mentioning, are largely derivative of the "Redemptionist" theory, "vapor money" theory, and "unlawful money" theory that has been consistently rejected by federal courts across the nation, and should be dismissed on that basis. *See McLaughlin v. CitiMortgage, Inc.,* 726 F. Supp. 2d 201, 209 (D. Conn. 2010) and cases cited therein. At best, Plaintiff's claims consistent of conclusory statements or naked "the-defendant-unlawfully-harmed-me accusations" without any reference to the actual elements of a valid legal claim or any facts establishing that Plaintiff has a claim to relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

16. Plaintiff has provided no basis for finding that AgTexas has violated any statute under Chapter 77 of Title 18 and thus Plaintiff has failed to state a claim under those provisions. Furthermore, Plaintiff's claims that he has been forced into slavery or forced servitude are so facially frivolous and insubstantial and perhaps even fantastical and delusional as to fail to invoke federal jurisdiction, and they should also be dismissed under Rule 12(b)(1).

### *3.     Plaintiff's State Law Claims Should Also be Dismissed.*

17.     In addition to Plaintiff's federal claims, Plaintiff also seeks damages under breach of contract and breach of fiduciary duty theories. Like Plaintiff's claims under Chapter 77 of Title 18, the claims must fail because Plaintiff fails to allege sufficient facts to establish a claim to relief that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1937.

18.     The elements for breach of contract under Texas law are (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach. S*alek v. SunTrust Mortg., Inc.,* 812 F. App'x 171, 173 (5th Cir. 2020). Plaintiff alleges that he is in a contractual relationship with Defendant AgTexas but he does not identify any specific provisions of that contract in support of his claims or identify how Defendant is in breach of those provisions. To the extent Plaintiff bases his claims under his alleged "tender" of performance on the loans by way of a bill of exchange, negotiable instrument, or other similar instrument, such unfounded and nonsensical theories have been thoroughly rejected by federal courts. *See Hennis v. Trustmark Bank,* No. 2:10CV20-KS-MTP, 2010 U.S. Dist. LEXIS 45759, at *16-*18 (S.D. Miss. 2010). As a result, Plaintiff's claims for breach of contract should be dismissed for failure to state a claim.

19.     Plaintiff claims Defendant AgTexas breached its fiduciary duty to him by failing to notify him about the benefits of "special indorsements." While these claims fail for the same reason as all of Plaintiff's other claims, i.e. that they are based on illogical, unfounded, and nonsensical theories consistently rejected by federal courts, Plaintiff's breach of fiduciary duty claims must also fail because Texas law does not generally recognize a fiduciary duty by a financial institution to its customers. *See E-Dealer Direct v. Bank of Am., N.A.,* No. EP-21-CV-62-DB, 2021 U.S. Dist. LEXIS 99011, at *13 (W.D. Tex. 2021). Because Defendant does not owe a fiduciary duty to Plaintiff, Plaintiff's breach of fiduciary duty claim against Defendant should be dismissed. *See id.*

### III.     CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim on which relief can be granted under any of the claims in his Complaint, and as a result all of his claims against Defendant AgTexas should be dismissed with prejudice under Rule 12(b)(6).

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901
**Email: dlebas@namanhowell.com**
　　　　　**sschwab@namanhowell.com**

BY:  /s/ Stephanie E. Schwab
　　　David L. LeBas
　　　State Bar No. 12098600
　　　Stephanie E. Schwab
　　　State Bar No. 24088370

**ATTORNEYS FOR DEFENDANT AGTEXAS FARM CREDIT SERVICES**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon pro se Plaintiff Henrik Hauschildt by certified mail to 910 E FM 219, Hico, Texas 76457 on this 18th day of March, 2024.

*/s/ Stephanie E. Schwab*
Stephanie E. Schwab