FILED
May 13, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HENRIK HAUSCHILDT *Plaintiff,* vs. AGTEXAS FARM CREDIT SERVICES *Defendant.* | Cause No: 6:24-cv-00086-ADA-JCM |

## NOTICE OF DEFAULT AND MOTION FOR ENTRY OF DEFAULT BY THE CLERK

**NOTICE IS HEREBY GIVEN:** That pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff HENRIK HAUSCHILDT ("Plaintiff"), by and through, Henrik Hauschildt, Agent, Pro Se, hereby files this Motion for Entry of Default against Defendant AGTEXAS FARM CREDIT SERVICES ("Defendant"), and as grounds thereof states the following:

1. **Filing and Service Under Rule 4**: On February 15, 2024, Plaintiff filed a Civil Cover Sheet, Complaint, and Proposed Summons (Dkt. No. 1). On the same day, the Clerk of the Court issued a Summons as to Defendant (Dkt. No. 2). Service was effectuated in accordance with Federal Rule of Civil Procedure 4, which stipulates:

   - **Rule 4(h)** "Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, **must be served**:" (1) "in a judicial district of the United States:" (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one

    authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

2. **Detailed Affidavit of Service (Id. at dkt. Nos 6-7)**: The affidavit of Service of Process will show that:

    - Process Server Susan Mullin ("Mullin") hand-delivered a copy of the Summons and Complaint to R. Wade King, who is designated by law to accept service of process on behalf of AGTEXAS FARM CREDIT SERVICES at 2001 S Soncy Rd, Amarillo, TX 79124.

    - Mullin indicated that the Summons and Complaint were delivered to R. Wade King on March 26, 2024, at 10:39 AM.

    - Mullin described the service: "I delivered the documents to c/o R. Wade King, EVP General Counsel with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white male, approximately 45-55 years of age, 5'10"-6'0" tall, and weighing 180-200 lbs with a beard and mustache."

    - Mullin declared under the penalty of perjury that the information was true.

3. **Proof of Service and Responsive Pleading Under Rule 12**: The Notice of Service of Process was returned executed, showing that service was completed as described above. According to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the Defendant was required to serve an answer within 21 days after being served with the summons and complaint. Specifically:

- **Rule 12(a) "Time to Serve a Responsive Pleading**." (1) In General. "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:" (A) "A defendant must serve an answer:" (i) "**within 21 days after being served with the summons and complaint**; or." (Emphasis Added)

- **Defendant did not file an answer as required by the Rules of this Court within 21 days after having been served on March 26, 2024**. The deadline was April 16, 2024, and as of today, no answer has been filed (Dkt. No. 6), and the Defendant is now **27 days** in default.

4. **Basis for Motion Under Rule 55(a)**: Pursuant to Federal Rule of Civil Procedure 55(a), which states:

    - **Rule 55(a) "Entering a Default."** "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the **clerk must enter the party's default**."

    - Given the documented failure of the Defendant to respond as evidenced by the affidavit of service and court records, the Defendant is clearly in default.

    - The Plaintiff has established that the Defendant has not plead or otherwise defended the action as required, which is confirmed by the process server's affidavit and the docket entries. Thus, the conditions for entering a default under Rule 55(a) have been satisfied.

**WHEREFORE,** Plaintiff HENRIK HAUSCHILDT respectfully requests that the Clerk of this Court enter a default against Defendant AGTEXAS FARM CREDIT SERVICES for their failure

to plead or otherwise defend as required by law, and further proceedings be scheduled to address the determination and awarding of damages.

May 13th, 2024                                          RESPECTFULLY SUBMITTED,

                                                        HENRIK HAUSCHILDT

                                                        BY:    /s/ *Henrik Hauschildt*
                                                               Henrik Hauschildt, Agent
                                                               Plaintiff, Pro Se
                                                               910 E FM 219
                                                               Hico, Texas 76457
                                                               dhdairy@gmail.com

                                                               Phone - (254) 459-0352
                                                               Fax - NA

## Certificate of Service

Plaintiff certifies that on May 13th, 2024, the foregoing *Notice of Default and Motion for Entry of Default* was filed with the Clerk of this Court via ECF and all counsel of record.

                                                        /s/ *Henrik Hauschildt*

*Distribution:*

Stephanie E. Schwab
Attorney for Defendant AGTEXAS FARM CREDIT SERVICES
NAMAN, HOWELL, SMITH & LEE, PLLC
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901
sschwab@namanhowell.com