FILED
May 16, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____CV_____
            DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HENRIK HAUSCHILDT | ) |
| *Plaintiff,* | ) |
| vs. | ) Cause No: 6:24-cv-00086-ADA-JCM |
| AGTEXAS FARM CREDIT SERVICES | ) |
| *Defendant.* | ) |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO NOTICE OF DEFAULT AND MOTION FOR ENTRY OF DEFAULT

COMES NOW the Plaintiff, Henrik Hauschildt, pro se, and files this *Reply to Defendant's Response to Plaintiff's Notice of Default and Motion for Entry of Default*, and in support thereof, states as follows:

1. **Introduction**

   Plaintiff reiterates the grounds for the motion for entry of default judgment, emphasizing that Defendant AgTexas Farm Credit Services failed to timely respond to the Complaint as required by the Federal Rules of Civil Procedure.

2. **Timeliness of Defendant's Motion**

   Defendant asserts that they filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6) on March 18, 2024. However, the Plaintiff served the Complaint on March 26, 2024. A motion filed prior to the service of the Complaint is procedurally defective. In ***Hays v. Louisiana Dock Co.***, the court emphasized that judgments must be set aside if entered in violation of procedural rules, including improper service (***Hays v. Louisiana Dock Co.*, 452 N.E.2d 1383 (Ill. App. 5 Dist. 1983)**).

3. **Jurisdictional Component**

   The court did not have personal jurisdiction over Defendant AgTexas Farm Credit Services before service was perfected on March 26, 2024. As established in ***Pennoyer v. Neff***, a court must have proper jurisdiction over a party before it can render a valid judgment (***Pennoyer v. Neff*, 95 U.S. 714, 733 (1878)**). Since the Complaint was served on March 26, 2024, any motion or response filed before this date is invalid as the court lacked personal jurisdiction over the Defendant.

4. **Procedural Impropriety**

   Plaintiff argues that filing a Motion to Dismiss prior to being served with the Complaint is procedurally improper. According to Fed. R. Civ. P. 12(a)(1)(A), a defendant must serve an answer within 21 days **after being served** [emphasis added] with the summons and complaint. Since the Complaint was served on March 26, 2024, the Defendant's response was due by April 16, 2024. The Defendant did not file an answer within this timeframe; thus default is warranted.

5. **Defendant's Citation**

   Defendant cites ***Clark v. City of San Antonio*** to support the argument that filing a Motion to Dismiss postpones the time for filing an answer. However, the procedural timing in *Clark* is distinct from the present case. The Plaintiff asserts that *Clark* does not address the issue of a pre-service filing of a motion to dismiss, thus it is not applicable (***Clark v. City of San Antonio*, No. 5:16-CV-797-DAE, 2016 U.S. Dist. LEXIS 192547, at \*4-\*5 (W.D. Tex. 2016)**).

6. **Supporting Case Law**

- *Haines v. Kerner*, which states that pro se complaints are held to less stringent standards and can only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim (***Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)**).

- ***Bell Atlantic Corp. v. Twombly***, which emphasizes that factual allegations must raise the right to relief above the speculative level (***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)**).

- *Trinsey v. Pagliaro*, which notes that statements of counsel in briefs or arguments are not sufficient for purposes of granting a motion to dismiss or summary judgment (***Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964)**).

**7. Local Rule Compliance**

Plaintiff files this Reply pursuant to Local Rule CV-7(E) of the Western District of Texas, which governs the filing of replies to responses.

**CONCLUSION**

For the reasons stated above, Plaintiff Henrik Hauschildt respectfully requests that the Court grant Plaintiff's Motion for Entry of Default Judgment against Defendant AgTexas Farm Credit Services.

May 16th, 2024                                   RESPECTFULLY SUBMITTED,

                                                 HENRIK HAUSCHILDT

                                                 BY:   /s/ *Henrik Hauschildt*
                                                        Henrik Hauschildt, Agent
                                                        Plaintiff, Pro Se
                                                        910 E FM 219
                                                        Hico, Texas 76457

dhdairy@gmail.com
Phone - (254) 459-0352
Fax - NA

## Certificate of Service

Plaintiff certifies that on May 16th, 2024, the foregoing *Plaintiff's Reply to Defendant's Response* was filed with the Clerk of this Court via ECF and all counsel of record.

/s/ Henrik Hauschildt

*Distribution:*

Stephanie E. Schwab
Attorney for Defendant AGTEXAS FARM CREDIT SERVICES
NAMAN, HOWELL, SMITH & LEE, PLLC
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901
sschwab@namanhowell.com