Case 6:24-cv-00086-ADA-JCM   Document 15   Filed 07/01/24   Page 1 of 13

FILED
July 01, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HENRIK HAUSCHILDT <br><br> *Plaintiff,* <br><br> vs. <br><br> AGTEXAS FARM CREDIT SERVICES <br><br> *Defendant.* | Cause No: 6:24-cv-00086-ADA-JCM |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

COMES NOW, person HENRIK HAUSCHILDT, presented by man Henrik Hauschildt, allege and state as follows: (**Please note that spelling of each name is important and will always be as above throughout this complaint for clarity in the court.**)

### I.     Introduction

1. The plaintiff's cause of action is brought before this Honorable Court for actual, statutory, and punitive damages, against Defendant AGTEXAS FARM CREDIT SERVICES (hereafter, "AgTexas"), for peonage by subjecting plaintiff to being held in debt servitude due to fraud, pursuant to 42 U.S.C. § 1994, *et al.*, under the threat of foreclosure.

### II.     JURISDICTION AND VENUE

2. Through the power of naturalization, found in 8 U.S.C. § 1101(a)(23), Henrik Hauschildt confers the nationality of the State called "STATE OF TEXAS" on HENRIK HAUSCHILDT, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

3. Henrik Hauschildt confers that HENRIK HAUSCHILDT will be on a general appearance. Henrik Hauschildt will be speaking on behalf of HENRIK HAUSCHILDT because HENRIK HAUSCHILDT is incapable of speaking or writing.

4. AgTexas is a person doing business in "STATE OF TEXAS," through the power of

1

naturalization, and is within the jurisdiction of this Honorable Federal Court.

### III.     PARTIES

5. Plaintiff is a person residing in Hamilton County, Texas.

6. Plaintiff resided in Hamilton County, Texas, at all times relevant and all actions related to Plaintiff's complaint stated herein took place in and around Hamilton County, Texas.

7. Defendant AgTexas is listed by the Nationwide Multistate Licensing System ("NMLS") as an "Agricultural Credit Association".  Defendant's Principal Place of Business Address is 5004 N Loop 289, Lubbock, Texas 79416.  Defendant conducts business in the State of Texas.  AgTexas has an NMLS ID #462534 and is regulated by the Farm Credit Administration.

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

9. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

### IV.     GENERAL FACTUAL ALLEGATIONS

10. HENRIK HAUSCHILDT has a loan #179101622 with AgTexas.

11. HENRIK HAUSCHILDT also has loan #179101623 with AgTexas.

12. Henrik Hauschildt gave permission to AgTexas to access and use the credit of HENRIK HAUSCHILDT.

13. Henrik Hauschildt is in a contractual agreement where the proceeds of his farm are dispersed by AgTexas.

14. Improper performance was made on these loans by extraneous and unnecessary Federal Reserve Notes being used to pay the accounts.

15. Proper performance would have been to indorse the original collateral securities under qualified/special negotiation, prior to them being exchanged for Federal Reserve Notes.

16. Henrik Hauschildt failed to do a qualified/special indorsement on the original collateral securities.

17. Had Henrik Hauschildt known, Henrik Hauschildt would have done qualified/special indorsements on these collateral securities all the way from the beginning.

18. Henrik Hauschildt never intended to do ANY blank indorsements on behalf of HENRIK HAUSCHILDT.

19. Proper performance is done primarily through clear orders and qualified/special indorsements.

20. Improper performance is done via blank indorsements and lack of orders.

21. Proper performance balances the accounting.

22. Improper performance unbalances the accounting.

23. There were several promissory notes made on these loans.

24. A promissory note is an unconditional promise to pay.

25. The promissory notes are negotiable instruments.

26. "Promissory note" and "note" mean the same thing.

27. Federal Reserve Notes are promissory notes.

28. Federal Reserve Notes are negotiable instruments.

29. All promissory notes are collateral securities in accordance with 12 U.S.C. § 412.

30. Each month there was a billing statement generated on the above accounts.

31. A "billing statement" is an unconditional order to pay.

32. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".

33. An unconditional order to pay is a bill of exchange.

34. A bill of exchange is a negotiable instrument.

35. Bills of exchange are collateral securities in accordance with 12 U.S.C. § 412.

36. All promissory notes produced by HENRIK HAUSCHILDT are under the purview of 18 U.S.C. § 8.

37. All bills of exchange sent to HENRIK HAUSCHILDT are under the purview of 18 U.S.C. § 8.

38. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the United States (18 U.S.C. § 8).

39. Attorney-in-fact Brandon Joe Williams sent orders that were received by AgTexas.

40. Parcel was signed for on 1/8/24.

41. Parcel was signed by a "Toni Flores".

42. Parcel was signed for by hand using a black ink pen.

43. Inside this parcel was a Limited Power of Attorney ("LPOA") regarding agent Brandon Joe Williams.

44. Inside this parcel contained a series of orders that described how all previous blank indorsements on all negotiable instruments were being converted to qualified/special indorsements due to fraud.

45. These orders included an elimination of absolutely any arbitration clauses or agreements.

46. These orders included a complete elimination of all collateral and security interest in anything beyond the original promissory notes.

47. Fraud on these accounts were due to a complete lack of disclosure of the terms of the loan as well as the collateralization of the original promissory note.

48. The orders inside this parcel constitute unconditional tender of payment in accordance with UCC 3-603.

49. The term "US dollars" includes Federal Reserve Notes.

50. Due to the original promissory having already been swapped for Federal Reserve Notes after the application was indorsed with a blank indorsement, the orders inside the parcel were a payment for US dollars.

51. The orders sent by Brandon Joe Williams are an unconditional order to pay on this account.

52. Inside this LPOA contained a special indorsement for all past, present, and future negotiable instruments of:

**WITHOUT RECOURSE**
Pay to the Order of:
HENRIK HAUSCHILDT
By: /s/ *Henrik Hauschildt*, agent

—

Henrik Hauschildt, Representative

53. HENRIK HAUSCHILDT is now the person entitled to enforce all negotiable instruments on all the above accounts.

54. HENRIK HAUSCHILDT is now the holder in due course regarding all negotiable instruments on all the above accounts.

## V. COUNT ONE – BREACH OF CONTRACT:

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. The definition of "payment" is: "The fulfillment of a promise, or the performance of an agreement".

57. One definition for "tender" is: "The offer of performance, not performance itself, and, when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract.".

58. The above definition is in accord with UCC 3-603(b).

59. Had someone spoken to Henrik Hauschildt about his options, he would have done a special indorsement on any instruments to properly perform.

60. AgTexas ignored orders from Brandon Joe Williams.

61. This "loan" has now been fully discharged and the overpayments on tha account should have been returned to plaintiff, but they were not.

### VI.    COUNT TWO – BREACH OF FIDUCIARY DUTIES:

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. AgTexas is not a "lender" after rescission of the blank indorsement was completed and the qualified/special indorsement replaced it. Any statements that a "lender" does not have a fiduciary responsibility are irrelevant.

64. HENRIK HAUSCHILDT is the beneficiary of AgTexas.

65. AgTexas has a fiduciary duty to the financial success of HENRIK HAUSCHILDT.

66. AgTexas is paid to ensure the law is correctly applied in respect to beneficiary HENRIK HAUSCHILDT.

67. AgTexas has an obligation and desire to ensure that UCC Article 3 is properly followed.

68. AgTexas has an obligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

69. Once presented with orders or conditional acceptances above, AgTexas never attempted to clarify or perform for Henrik Hauschildt or HENRIK HAUSCHILDT.

70. AgTexas follows 12 U.S.C. § 412.

71. AgTexas is a subsidiary of FARM CREDIT BANK.

72. "FARM CREDIT BANK – GENERAL ACCT" has had access to Federal Reserve Window services since 1/4/1994, according to the Federal Reserve Master Account and Services Database.

73. AgTexas acknowledges that it would be in the best interest of their beneficiaries to do special indorsements on negotiable instruments.

74. AgTexas acknowledges that, if clients knew how to do a special indorsement, a vast majority would do it.

75. AgTexas never mentioned to either Henrik Hauschildt or HENRIK HAUSCHILDT about the benefits of special indorsements.

76. This harmed HENRIK HAUSCHILDT by now having an imbalanced account and having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes, then AgTexas would take the incoming Federal Reserve Notes for disbursement.

77. This breach of fiduciary duty has caused years of anxiety over the unnecessary theft of extraneous Federal Reserve Notes.

### VII.   COUNT THREE – MONEY HAD AND RECEIVED:

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. Plaintiff became the person entitled to enforce these instruments once negotiation was rescinded and clarified.

80. Plaintiff became the holder in due course of these instruments once negotiation was rescinded and clarified.

81. Illegal possession and transfer of above negotiable instruments are retained currently with defendant AgTexas.

82. These instruments should have been used to set off the original account for the benefit of

HENRIK HAUSCHILDT.

83. Unknown negotiation via a blank indorsement allowed AgTexas to take possession of all collateral securities on these accounts fraudulently.

84. This transportation should have been done under qualified/special negotiation and should have been temporary until the application for notes via 12 U.S.C. § 412 was completed at the Federal Reserve Window.

85. AgTexas used FARM CREDIT BANK OF TEXAS, AGFIRST FARM CREDIT BANK, or AGWEST FARM CREDIT, FLCA, to transact the application of Federal Reserve Notes.

86. FARM CREDIT BANK OF TEXAS, AGFIRST FARM CREDIT BANK, and AGWEST FARM CREDIT, FLCA, all have Federal Reserve Window access.

87. Each individual credit transaction on these accounts would be a separate charge of this claim.

### VIII.   COUNT FOUR – FRAUD:

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

89. Plaintiff was never informed as to these instruments being negotiable.

90. Plaintiff was never informed of various optional indorsements in accordance with UCC Article 3.

91. Plaintiff has a responsibility to avail himself of his optional indorsements, but AgTexas could have spent a very short period of time to educate plaintiff about indorsements as a part of their fiduciary duties.

92. Brandon Joe Williams has clarified and ordered all current and future negotiation while rescinding all previous blank negotiation under fraud.

93. Fraud is due to complete failure to disclose the terms and options of signing/indorsing above collateral securities.

94. This damaged plaintiff materially due to valuable instruments being purloined and not available for plaintiff.

95. Due to Henrik Hauschildt's signature being the birth of value for all the above negotiable instruments, Henrik Hauschildt and HENRIK HAUSCHILDT are the secured parties for all transactions in this deal.

96. Each individual credit transaction on these accounts would be a separate charge of this charge.

### IX.   COUNT FIVE– 42 U.S.C. § 1994 (PEONAGE):

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

98. Plaintiff was forced to work and perform under this contract as "debt," when the debt was only existing due to a failure to use a qualified/special indorsement on the original note.

99. Plaintiff had to work and falsely pledge his business and assets as collateral on the loan.

100. AgTexas made it appear that plaintiff was in debt by failing to help the plaintiff do a qualified/special indorsement.

101. AgTexas has fraudulently attempted to make it seem as though the plaintiff's assets needed to be used as collateral on the loan.

102. AgTexas directly handles the financial flow of the farm and takes their portion of the supposed debt prior to flowing the remainder to Henrik Hauschildt. This is hands-on slavery.

### X.   COUNT SIX – UNLAWFUL CONVERSION:

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

104. Due to a failure to do a qualified/special indorsement (which could have easily been done), plaintiff was enticed into having to pay each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

105. Henrik Hauschildt was intimidated with fear of losing his farm to perform in an absolutely unnecessary way.

106. Henrik Hauschildt got absolutely no equal consideration in exchange for his collateral securities and negotiable instruments beyond the facilitation of security swaps and transfers.

107. AgTexas could have informed plaintiff of his option to do a qualified/special indorsement rather than a blank indorsement.

108. Due to ease of which AgTexas could have helped and informed the plaintiff of a special versus blank indorsement, it is assumed that the intent was to entice the plaintiff into slavery.

109. AgTexas handled the financial flow and falsely assumed a security interest over the assets of Henrik Hauschildt.

110. Henrik Hauschildt was forced to serve in a slavery position due to complete fraud regarding the indorsement of the original instruments.

### XI.   COUNT SEVEN– UNJUST ENRICHMENT:

111. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

112. Due to the financial gain of having the plaintiff do a blank indorsement rather than a qualified/special indorsement on the original collateral security, AgTexas had financial motive to ensure plaintiff indorsed with a blank indorsement.

113. Intent to have plaintiff sign with a blank indorsement was pre-conceived by AgTexas.

114.    Plaintiff was left in a situation where he felt compelled to provide entirely irrelevant Federal Reserve Notes in order to prevent the loss of his farm.

115.    Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after his collateral security was purloined via a blank indorsement.

116.    AgTexas should have been providing a service of swapping the collateral security under qualified/special negotiation.

117.    Henrik Hauschildt would have been more than happy to pay a small swap fee for the service of exchanging the collateral security at the Federal Reserve Window.

118.    Instead, the plaintiff was forced to perform each month unnecessarily under threat of punishment (asset seizure).

119.    AgTexas benefits from a blank indorsement by being able to keep all the Federal Reserve Notes after the application for notes is complete (12 U.S.C. § 412).

120.    AgTexas benefits from a blank indorsement by being able to take back the property pledged as collateral through seizure if the plaintiff was unable to supply irrelevant and extraneous Federal Reserve Notes each month.

121.    It was entirely fraudulent that any assets of the plaintiff were needed to collateralize the "loan" as the "loan" was fully collateralized by the original note.

122.    AgTexas pretends it is the "lender" by claiming the collateral security, after it is released with a blank indorsement.

123.    Under qualified/special negotiation, HENRIK HAUSCHILDT is actually the lender and Henrik Hauschildt is the borrower. AgTexas is just a currency exchange at this point and facilitates Federal Reserve services.

124.    AgTexas collects substantially more Federal Reserve Notes by carefully failing to inform their beneficiaries of their indorsement options.

125.    Due to lack of terms and communications, it is assumed that AgTexas intends to entice its beneficiaries into slavery for financial gain.

## XII.    DEMANDS FOR RELIEF

126.    Full discharge of all above loans in their current state (this was included in the original orders by Brandon Joe Williams).

127.    Confirm and complete orders to release interest and liens on the property (this was included in the original orders by Brandon Joe Williams).

128.    Full refund of each individual extraneous payment made on the accounts using Federal Reserve Notes (this was included in the original orders by Brandon Joe Williams).

129.    $100,000,000.00 (one-hundred-million dollars) in damages. Payable in Federal Reserve Notes.

130.    Optional: giving the plaintiff a revolving line of credit line that will automatically be discharged each month via special negotiation of all negotiable instruments.  This account would have no credit limit.  A Limited Power of Attorney would be written to give AgTexas the ability to indorse on behalf of HENRIK HAUSCHILDT and Henrik Hauschildt for special negotiation of instruments.  This would make ¶ 129 of this complaint unnecessary.  All interest generated by interest-bearing negotiable instruments on this account would be made payable to the AgTexas and tendered to AgTexas in an effort to establish adequate consideration on this account.

## XIII.    SUMMARY

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest of justice, the Plaintiff respectfully requests this Honorable Court to issue an Order for the award of monetary damages against the Defendant, AgTexas. The Plaintiff further seeks any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

THE PLAINTIFF ENTERS THIS COURT PROCEEDING WITH A CONSTRUCTIVE INTENT,

VESTED IN THE DESIRE TO COLLABORATE WITH THE DEFENDANT TOWARDS A FAIR AND EQUITABLE CONCLUSION.

Dated: June 14th, 2024                                            RESPECTFULLY SUBMITTED,

BY:   /s/ *Henrik Hauschildt*
         Henrik Hauschildt
         Plaintiff, Pro Se
         dhdairy@gmail.com
         (254) 459-0352

## CERTIFICATE OF SERVICE

I hereby certify that on June 14th, 2024, a copy of the foregoing was filed with the Clerk of this Court as is required by Pro Se litigants via ECF. All counsel of record were served with the same.