IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **HENRIK HAUSCHILDT** | § |
| | § |
| *Plaintiff,* | § |
| | § |
| VS. | § CIVIL ACTION NO. 6:24-cv-0086-ADA-JCM |
| | § |
| **AGTEXAS FARM CREDIT SERVICES** | § |
| | § |
| *Defendant.* | § |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) & (6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AgTexas Farm Credit Services, and makes and files this, its Motion under Rule 12(b)(1) & (6) to Dismiss Plaintiff's Complaint for Damages and Jury Demand for failure to establish subject-matter jurisdiction and for failure to state a claim for which relief can be granted and in support would show as follows:

**I.   OVERVIEW OF PLAINTIFF'S PLEADING & GOOD FAITH ATTEMPT TO DISCERN CLAIMS ASSERTED THEREIN**

1.   Plaintiff's Complaint for Damages and Jury Demand (Doc. 1) was filed on February 15, 2024 (the "Complaint"). On March 18, 2024, Defendant AgTexas Farm Credit Services ("AgTexas") filed its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (6). (Doc. 5) On June 14, 2024, Plaintiff filed a Motion for Leave to Amend Plaintiff's Complaint. (Doc. 14) The Court granted Plaintiff's Motion for Leave on July 1, 2024 and Plaintiff's Complaint for Damages and Jury Demand (Doc. 15) was filed on July 1, 2024 (hereinafter referred to as the "Amended Complaint"). On July 10, 2024, the Report and Recommendation of the United States Magistrate Judge was filed, recommending Defendant's

Motion to Dismiss Plaintiff's original Complaint be dismissed as moot, finding Plaintiff's Amended Complaint rendered pending motions moot. (Doc. 16) As a result, Defendant now files this Motion under Rule 12(b)(1) & (6) to Dismiss Plaintiff's Amended Complaint, which is being filed within 14 days of the filing of Plaintiff's Amended Complaint.

     2.     While Plaintiff's pleadings are difficult to understand, and in places entirely non-sensical, Defendant will attempt to summarize the factual basis of Plaintiff's Amended Complaint. Plaintiff complains of two loans extended by Defendant AgTexas, loan #179101622 and loan #179101623.[1] (Doc. 15 at ¶10-11) Plaintiff further alleges that he agreed for the proceeds of his farm to be dispersed by AgTexas but does not otherwise explain this alleged agreement. (Doc. 15 at ¶13) Plaintiff further alleges that "[i]mproper performance was made on these loans by extraneous and unnecessary Federal Reserve Notes being used to pay the accounts" or through "blank indorsement". (Doc. 15 at ¶14, 20) Plaintiff alleges that "proper performance" of the loans would have been through "special indorsement on the original collateral securities" or to "indorse the original collateral securities under special negotiation . . . ." (Doc. 15 at ¶15-16) Plaintiff alleges that AgTexas acted fraudulently by requiring collateralization of the loan. (Doc. 15 at ¶47) Plaintiff also alleges that "[u]nder qualified/special negotiation, HENRIK HAUSCHILDT is actually the lender and Henrik Hauschildt is the borrower. AgTexas is just a currency exchange at this point and facilitates Federal Reserve services." (Doc. 15 at ¶123)

     3.     Plaintiff additionally alleges that Brandon Joe Williams, who Plaintiff claims is Plaintiff's attorney-in-fact, sent unspecified "orders" to Defendant AgTexas that "all previous blank indorsements on all negotiable instruments were being converted to special indorsements

---

[1] Defendant denies that it has made any loan to Plaintiff. The loans referenced by Plaintiff were made to Double H Dairy, LLC and Plaintiff is only the guarantor under these loans. This Motion is based on the statements in Plaintiff Amended Complaint, but is not an admission or acceptance by Defendant of any statement made in Plaintiff's pleadings.

due to fraud." (Doc. 1 at ¶39, 44)) Plaintiff contends these orders also eliminated "all collateral and security interest in anything beyond the original promissory notes." (Doc. 1 at ¶46) Plaintiff also contends these orders constitute an "unconditional tender of payment in accordance with UCC 3-603" on the loans and "payment for US dollars." (Doc. 1 at ¶48-49) By these orders, Plaintiff contends he is now "the holder in due course regarding all negotiable instruments on all the above accounts" and "entitled to enforce all negotiable instruments on all the above accounts." (Doc. 1 at ¶53-54)

4. The only federal cause of action referenced in the Complaint is 42 U.S.C. § 1994. The remaining causes of action pled by Plaintiff in his Amended Complaint are various state law claims for breach of contract, breach of fiduciary duty, fraud, unjust enrichment, and conversion.

## II.   AUTHORITIES AND ANALYSIS

### A.   STANDARD FOR DISMISSAL UNDER RULE 12(b)(1)

5. When grounds for dismissal exist under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Court should dismiss under 12(b)(1) without reaching the question of failure to state a claim. *McLean v. Obama,* 2015 WL 3966426 *1 (E.D. La. 2015), citing *Hitt v. Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). In order to invoke this limited jurisdiction, a Plaintiff's allegations must set forth substantial, colorable allegations. *See Dilworth v. Dallas County Community College Dist.,* 81 F.3d 616, 617 (5th Cir. 1996) (citing *Olivares v. Martin,* 555 F.2d 1192, 1195 (5th Cir. 1977)). "When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Id.*; *see also McLean v. Obama,* 205 WL 3966426 *2 (collecting Fifth Circuit authority).

6. An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke,* 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke,* 490 U.S. at 326-27; *Berry v. Brady,* 192 F.3d 504, 507 (5th Cir. 1999).

### B. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

7. Under *Federal Rule of Civil Procedure* 12(b)(6), a federal court is authorized to dismiss a complaint that fails "to state a claim upon which relief can be granted." A court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A Court need not, however, "accept as true a legal conclusion couched as factual allegation" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Naked "the-defendant-unlawfully-harmed-me accusations," devoid of factual enhancement, are insufficient to survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

8. Rather, the plaintiff must plead specific facts to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The plaintiff must plead "enough facts to" demonstrate that he has a "claim to relief that is **plausible on its face.**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Supreme Court has made clear this plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's "factual

allegations must be enough to raise a right to relief above the speculative level, . . . ." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

9. Although the court must accept well-pleaded facts as true, legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 678-79 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004)). Nor should a court assume that a plaintiff can prove facts that were not alleged. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 443 (5th Cir. 1986). Dismissal is appropriate where the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

10. In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a Complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Second, the Court "consider[s] the factual allegations in [the Complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. But "when allegations within a complaint are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion,' a federal court lacks subject

matter jurisdiction to adjudicate the claim." *Starrett v. Lockheed Martin Corp.*, 735 F. App'x 169, 170 (5th Cir. 2018) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

### B. PLAINTIFF HAS NOT ALLEGED A PLAUSIBLE CLAIM AGAINST DEFENDANT

11. The details of Plaintiff's claims regarding special indorsements versus blank indorsements, and tenders of performance via bills of exchange and negotiable instrument are largely impenetrable and nonsensical. As best Defendant can determine, Plaintiff pleads that a loan or loans was entered with AgTexas, and thus a debt created to AgTexas.[2] (Doc. 15 at ¶10-12) Plaintiff alleges that AgTexas owed some duty to Plaintiff to offer Plaintiff an option to make a "special indorsement" versus a "blank indorsement" on these loans but does not specify the source of that duty. (Doc. 15 at ¶75) Plaintiff then alleges that a certain Brandon Joe Williams, Plaintiff's alleged "attorney-in-fact", sent certain unspecified orders to AgTexas that supposedly eliminated all collateral and security interests in favor of AgTexas, constitute payment in full of the loan, and made HENRIK HAUSCHILDT (who Plaintiff alleges is not the same as Henrik Hauschildt) the lender under these loans, and not AgTexas. (Doc. 15 at ¶39-54) Plaintiff provides no facts as to what these orders contained and provides no factual or legal basis for how these unspecified orders accomplished such an incredulous result (particularly without any action by AgTexas, the actual lender). All of Plaintiff's causes of action are based on Plaintiff's wholly unsubstantiated belief and conclusory statements that he is now the holder and payee of these loans, not AgTexas, and that he has been damaged by AgTexas failure to eliminate the debt, release the collateral, and pay back any amounts allegedly paid by Plaintiff on these loans.

12. Plaintiff's claims appear to rely on fictional legal instruments and frivolous theories that have been held to be completely unfounded and frivolous under decades of federal precedent

---

[2] See FN 1, *supra*. The loans referenced by Plaintiff were taken out by Double H Dairy, LLC, not Plaintiff.

and law. *See Hennis v. Trustmark Bank,* No. 2:10CV20-KS-MTP, 2010 U.S. Dist. LEXIS 45759, at *9 (S.D. Miss. 2010) and the cases cited therein. Claims that debts have been paid under the redemption theory by issuance of bills of exchange or other similar instrument have likewise been dismissed as frivolous. *See id.* at *16-*18 (citing *Bryant v. Washington Mutual Bank,* 524 F. Supp. 2d 753, 760 (W.D. Va. 2007) (thoroughly discussing the "revisionist legal history and conspiracy theory" basis of claims that debtors may issue a bill of exchange requiring the United States to pay their debts to third parties out of secretly held trust accounts for each citizen and dismissing plaintiff's claims as "clearly nonsense in almost every detail"); *Santarose v. Aurora Bank FSB,* No. H-10-720, 2010 U.S. Dist. LEXIS 53708, 2020 WL 2232819, at *2-3 (S.D. Tex. June 2, 2010) ("Plaintiffs have provided no viable legal authority or any reliable or probative factual support to buttress their dubious bill of exchange theory."); *Mould v. Saxon Mortg. Servs., Inc.,* 2005 WL 1950268 at *2 (W.D. Wash.) (Aug. 12, 2005) (dismissing claim that plaintiffs' debt was discharged by offering bill of exchange for failure to state a claim); *McElroy v. Chase Manhattan Mortg. Corp.,* 134 Cal. App.4th 388, 393, 36 Cal. Rptr. 3d 176 (Cal. App. 4 Dist. 2005) ("we unhesitatingly conclude the Bill is a worthless piece of paper, consisting of nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing."); *Hesed-El v. Aldridge Pite, LLP,* No. 20-14782, 2021 U.S. App. LEXIS 34976, at *10 (11th Cir. 2021) (finding "the 'bill of exchange' quite plainly is not real money."). *See also McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 209 (D. Conn. 2010),* which discusses in detail the "Redemptionist" theory; the "vapor money" theory; and the "unlawful money" theory, and finds that if the plaintiff's claims "are premised on one or more of the above-described theories, that fact alone would be sufficient to grant [Defendant's] Motion to Dismiss, as all three of these theories have been universally and emphatically rejected by numerous federal courts for at least the last 25 years."

13. Because Plaintiff's frivolous and largely nonsensical claims are based on tenuous and unfounded theories rejected by federal courts across the nation for over 25 years, they should all be dismissed on that basis alone. Furthermore, Plaintiff wholly fails to plead adequate facts as to how he reaches the wholly fantastical conclusion that the debt is discharged and he is now the holder/payee under these debts, which forms the basis of all of his causes of action in his Amended Complaint, and thus Plaintiff's Amended Complaint should be dismissed for failure to state a claim for which relief can be granted.

14. In the exercise of caution, however, Defendant will address the attempts to state causes of action mentioned in the Complaint and show why they should be dismissed.

### i.     *Plaintiff Has Not Alleged Facts to Support a Claim under 42 U.S.C. § 1994.*

15. The only federal statute invoked by Plaintiff in his Amended Complaint is 42 U.S.C. § 1994, which provided in the relevant portion "[t]he holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States."

16. Plaintiff's claims under 42 U.S.C. § 1994 are based on his frivolous and fantastical claims, and conclusory statements, that the debt owed to AgTexas has been eliminated by the failure to use an alleged "special/qualified indorsement" and that AgTexas falsely required Plaintiff to pledge his business assets as collateral on the loan. (Doc. 15 at ¶98-99) Plaintiff further makes the conclusory allegation, without factual support, that "AgTexas directly handles the financial flow of the farm and takes their portion of the supposed debt prior to flowing the remainder to Henrik Hauschildt" and that such action is "hands-on slavery." (Doc. 15 at ¶102) Notably, Plaintiff's Complaint acknowledges that the loans were voluntarily entered into and that all credit extended under the loans was with his permission. (Doc. 15 at ¶10-13)

17. Plaintiff's claims that he has been forced into slavery or forced servitude are so facially frivolous and insubstantial and perhaps even fantastical and delusional as to fail to invoke federal jurisdiction, and they should also be dismissed under Rule 12(b)(1). In addition to being frivolous and nonsensical, Plaintiff has failed to state a claim under 42 U.S.C. § 1994 and his Complaint should be dismissed under Rule 12(b)(6). Plaintiff cannot demonstrate that his circumstances qualify as peonage because he was not "bound by the threat of a penal sanction to remain at his employment until [a] debt has been discharged." *Taylor v. Georgia,* 315 U.S. 25, 29 (1942). As noted by the Supreme Court:

> A clear distinction exists between peonage and the voluntary performance of labor or rendering of services in payment of a debt. In the latter case the debtor, though contracting to pay his indebtedness by labor or service, and subject like any other contractor to an action for damages for breach of that contract, can elect at any time to break it, and no law or force compels performance or a continuance of the service.

*Pollock v. Williams,* 322 U.S. 4, 9 (1944). Because Plaintiff cannot identify any penal sanction or other law that compels his performance under the debt, Plaintiff has failed to establish a claim under 42 U.S.C. § 1994 and his claims thereunder should be dismissed under Rule 12(b)(6).

### ii.    *Plaintiff's State Law Claims Should Also be Dismissed.*

18. In addition to Plaintiff sole federal claim under 42 U.S.C. § 1994, Plaintiff also seeks damages under state law theories of breach of contract, breach of fiduciary duty, money had and received, fraud, conversion, and unjust enrichment theories. Like Plaintiff's federal claims, these state-law claims must fail because Plaintiff fails to allege sufficient facts to establish a claim to relief that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1937.

19. Plaintiff's claims for breach of contract are wholly based on his unsubstantiated, conclusory, and entirely frivolous claims that his loan from AgTexas has been fully discharged by the unspecified "orders" of Brandon Joe Williams that constitute a "tender of performance". These

alleged claims of "tender" of performance on the loans by way of a bill of exchange, negotiable instrument, or other similar instrument, and other similar unfounded and nonsensical theories, in addition to being wholly unsubstantiated by Plaintiff in his pleadings, have been thoroughly rejected by federal courts. *See Hennis v. Trustmark Bank,* No. 2:10CV20-KS-MTP, 2010 U.S. Dist. LEXIS 45759, at *16-*18 (S.D. Miss. 2010). As a result, Plaintiff's claims for breach of contract should be dismissed for failure to state a claim.

20.     Plaintiff claims Defendant AgTexas breached its fiduciary duty to him by failing to notify him about the benefits of "special indorsements." While these claims fail for the same reason as all of Plaintiff's other claims, i.e. that they are based on illogical, unsubstantiated, and nonsensical theories consistently rejected by federal courts, Plaintiff's breach of fiduciary duty claims must also fail because Texas law does not recognize a fiduciary duty by a financial institution to its customers. *See E-Dealer Direct v. Bank of Am., N.A.,* No. EP-21-CV-62-DB, 2021 U.S. Dist. LEXIS 99011, at *13 (W.D. Tex. 2021). Because Defendant does not owe a fiduciary duty to Plaintiff, Plaintiff's breach of fiduciary duty claim against Defendant should be dismissed. *See id.*

21.     Plaintiff's claims for unjust enrichment and money had and received[3] are also based on his unsubstantiated (and judicially rejected) conclusory statements that he is now the holder/payee of the loans, that AgTexas improperly required "blank indorsement" on the loan, and that any collateral held by AgTexas is fraudulent. *See Ashcroft v. Iqbal,* 556 U.S. 662, 681, (2009) (conclusory allegations are not entitled to be assumed true). The elements of a claim for money had and received are that (1) defendant holds money and (2) the money in equity and good

---

[3] A claim for money had and received "belongs conceptually to the doctrine of unjust enrichment." *Amoco Prod. Co. v. Smith,* 946 S.W.2d 162, 164 (Tex. App.--El Paso 1997, no writ); *Edwards v. Mid-Continent Office Distribs., L.P.,* 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied).

conscience belongs to plaintiff. *Kinect Solar, LLC. v. Globus Enters., LLC,* No. 1-23-CV-00674-DII, 2024 U.S. Dist. LEXIS 35322, at *9 (W.D. Tex. 2024). A party may recover under the cause of action of unjust enrichment when a person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Kam v. Karedia,* No. 03-18-00526-CV, 2019 Tex. App. LEXIS 10819, at *9 (Tex. App.—Austin Dec. 13, 2019, no pet.). Because Plaintiff has failed to plead any factual basis for his conclusions that AgTexas has been unjustly enriched or holds money that belongs to Plaintiff, and because Plaintiff has failed to plead any other facts that would establish any basis for such claims, Plaintiff has failed to state a claim for his state-law causes of action for unjust enrichment and money had and received and such claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

22.     Plaintiff's claims for fraud against AgTexas based on the alleged "failure to disclose the terms and options of signing/indorsing above collateral securities." As detailed in previous sections, Plaintiff's claims based on "special indorsement" versus "blank indorsement" are wholly unsubstantiated and conclusory, nonsensical, and frivolous with no basis in any pleaded facts or law and should be dismissed for these reasons. Additionally, Fed. R. Civ. P. 9(b) imposes a heightened pleading requirement for fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." According to the Fifth Circuit, the elements of fraud include: (1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which the plaintiff relied; and (5) which proximately caused the plaintiffs injury. *Cyrak v. Lemon,* 919 F.2d 320 (5th Cir. 1990). Fraud by omission can occur when there is a duty to disclose information as a matter of law. *Smith v. BCE, Inc.,* 225 F. App'x 212, 217-18 (5th Cir. 2007). Plaintiff fails to plead facts establishing any legal duty by AgTexas to disclose "the terms and options of signing/indorsing above collateral securities" or any other information

to Plaintiff, and thus has failed to plead with particularity the elements of fraud. Plaintiff's claim for fraud should be dismissed under Fed. R. Civ. P. 12(b)(1) and (6).

23. Plaintiff's claims for conversion are based wholly on his unsubstantiated, nonsensical, and frivolous claims of "special indorsement" versus "blank indorsement" and should be dismissed, like his other claims, as frivolous and for failure to state a claim under Fed. R. Civ. P. 12(b)(1) and (6). Additionally, Plaintiff's appears to argue that AgTexas has committed conversion because he was required to repay his loan to AgTexas using "Federal Reserve Notes", a/k/a actual money, instead of a bogus "special indorsement". Mere receipt of money in repayment of an arm's length loan transaction is not evidence of conversion. *See Callaway v. Robert Lee State Bank*, No. 11-20-00047-CV, 2022 Tex. App. LEXIS 201, at *10 (Tex. App.—Eastland Jan. 13, 2022, no pet.). Moreover, a claim for the conversion of money arises only where the money can be identified as a specific chattel, meaning it is "(1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper." *In re TXNB Internal Case,* 483 F.3d 292, 308 (5th Cir. 2007). Plaintiff has not pled any facts to establish that any money paid by Plaintiff to AgTexas, which is ultimately the basis of his conversion claim, was specific chattel to substantiate a claim for conversion. Plaintiff's claim for fraud should be dismissed under Fed. R. Civ. P. 12(b)(1) and (6).

### III.   DISMISSAL WITH PREJUDICE

Dismissal with prejudice is proper under Rule 12(b)(6) if plaintiff has been afforded ample opportunities to plead his best case. *Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir. 1999). In this case, Plaintiff has already amended his pleadings in response to Defendant's first Motion to Dismiss Plaintiff's original Complaint. In Plaintiff's Amended Complaint, Plaintiff repeats verbatim the unsubstantiated, conclusory, nonsensical, and frivolous factual bases and conclusions

for his claims against Defendant and the Amended Complaint does not offer any additional factual or legal explanation for his claims and causes of action. As a result, Plaintiff has been afforded ample opportunity to plead his best case, and this Court should grant Defendant AgTexas Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(1) and 12(b)(6) with prejudice to refiling.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim on which relief can be granted under any of the claims in his Amended Complaint, and as a result all of his claims against Defendant AgTexas should be dismissed with prejudice under Rule 12(b)(1) and 12(b)(6).

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901
**Email: dlebas@namanhowell.com**
**sschwab@namanhowell.com**

BY:   /s/ Stephanie E. Schwab
David L. LeBas
State Bar No. 12098600
Stephanie E. Schwab
State Bar No. 24088370

**ATTORNEYS FOR DEFENDANT AGTEXAS FARM CREDIT SERVICES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon pro se Plaintiff Henrik Hauschildt by the electronic case filing system and by email on this 13th day of July, 2024.

*/s/ Stephanie E. Schwab*
Stephanie E. Schwab