| **TEMPORARY RESTRAINING ORDER:** TRC 687,688 |
|---|

| THE STATE OF TEXAS: | Cause No. 24-097-DCCV-00056 |
|---|---|
| AGTEXAS FARM CREDIT SERVICES; AGTEXAS, PCA | IN THE 220TH DISTRICT COURT |
| VS | OF |
| DOUBLE H DAIRY, LLC; HENRIK HAUSCHILDT; RICARDA HAUSCHILDT | HAMILTON COUNTY, TEXAS |

| TO: Double H Dairy, LLC<br>Henrick Hauschildt, Agent<br>1112 CR 420<br>STEPHENVILLE TX 76401 | OR<br><br>1455 CR 386<br>STEPHENVILLE, TX 76401 | OR<br><br>910 E FM 219<br>HICO, TX 76457 |
|---|---|---|

WHEREAS, AGTEXAS FARM CREDIT SERVICES AND AGTEXAS, PCA, filed a TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING in the 220th District Court of Hamilton County, Texas, on this the 11th day of June, 2024, in a suit numbered 24-097-DCCV-00056 on the Docket of said Court, where AgTexas Farm Credit Services and AgTexas, PCA is Petitioner(s) and Double H Dairy, LLC; Henrik Hauschildt; Ricarda Hauschildt are Respondent(s), appeared as per attached copy of: **TEMPORARY RESTRAINING ORDER and CASH BOND**.

Upon presentation of said petition to him and consideration, thereof, the Honorable Shaun Carpenter, District Judge, made the following order: The requirement for a bond having been $10,000, you are therefore commanded to desist and refrain from the commission or continuance of the act enjoined, or to obey and execute such order as the judge has seen proper to make, more fully explained in the attached copy of: TEMPORARY RESTRAINING ORDER and CASH BOND, until and pending the hearing of such petition upon Petitioner's Application for a temporary injunction/restraining order before the judge of said court at Hamilton, Texas in the 220th Judicial District Courtroom, located at the Courthouse in Hamilton County, Texas, when and where you will appear to show cause why injunction/restraining order should not be granted upon such petition effective until final decree/order in such suit.

A HEARING HAS BEEN SCHEDULED FOR
JUNE 26TH, 2024 AT 9:00 a.m. IN HAMILTON, TEXAS.

Issued and given under my hand and seal of said Court at Hamilton, Texas this on this the 18th day of June, 2024.

| Attorney for Plaintiff:<br>David L. LeBas<br>8310 N Capital Of Texas Hwy Ste 490<br>Austin, TX 78731 |  | Hamilton County 220th District Court<br>102 N Rice St.<br>Hamilton County, Texas 76531<br>Sandy Layhew, District Clerk<br>By _Angela Tubbs_ Deputy |
|---|---|---|

Scanned with CamScanner

## OFFICER'S RETURN

Came to hand on the _18th_ day of _June_, 20_24_ at _1000_ o'clock _A_.m., and executed on the _18th_ day of _June_, 20_24_ at _1139_ o'clock _A_.m., by delivering to the within named **Henrik Hauschildt**, a true copy of the **TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS.**

_Justin Caraway_ Sheriff/Constable/Authorized Person

_Hamilton_ COUNTY, TEXAS

BY: _Donahoo #112_ DEPUTY

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**

In accordance with rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is _____, my date of birth is _____ and
             (First, Middle, Last)
my address is _____
                       (City, State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____.

_____
Declarant/Authorized Process Server

_____
(ID # & expiration of certification)

Scanned with CamScanner

Filed 6/12/2024 4:18 PM
Sandy Layhew
District Clerk
Hamilton County, Texas
Reviewed By: Angela Tubbs

IN THE 220TH JUDICIAL DISTRICT COURT
HAMILTON COUNTY, TEXAS

| | | |
|---|---|---|
| AGTEXAS FARM CREDIT SERVICES and AGTEXAS, PCA | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | NO. 24-097-DCCV-00056 |
| DOUBLE H DAIRY, LLC, HENRIK HAUSCHILDT, AND RICARDA HAUSCHILDT | | |
| Defendants. | | |

## TEMPORARY RESTRAINING ORDER

On this day AgTexas Farm Credit Services and AgTexas, PCA (collectively "Plaintiffs" or "AgTexas"), presented their Request for Injunctive Relief. Plaintiffs appeared through their counsel.

After the Court heard the evidence and argument of counsel, the Court finds that AgTexas is entitled to the entry of a temporary restraining order, to be issued before notice can be served and a hearing held thereon, because Plaintiffs will suffer immediate and irreparable injury, loss or damage. Based on the facts proved at the hearing, the Court finds that there is probable cause to believe the following facts, which the Court finds support the entry of this order:

1. The pleadings on file in this cause are incorporated by reference. The Court takes judicial notice of its file as requested by AgTexas. The documents attached as exhibits to the Application of AgTexas for Injunctive Relief are incorporated by reference.

2. On or about August 1, 2022, Plaintiffs extended a loan to Defendant Double H in the original principal amount of $635,000.00 (the "Loan"). The Loan provided financing to Double H to support its dairy operations. In connection with the Loan, Defendant Double H

Scanned with CamScanner

executed a Revolving Line of Credit Approval Notice and Loan Agreement (the "Loan Agreement") dated August 1, 2022 and a Promissory Note (the "Note") in the original principal amount of $635,000.00 dated August 1, 2022. A true and correct copy of the Loan Agreement and the Note are attached hereto and incorporated herein as Exhibits A and B.

3. Defendant Double H also executed a Commercial Security Agreement (the "Security Agreement") dated August 1, 2022 securing all debts of Defendant Double H, including the Loan, in favor of Plaintiffs. A true and correct copy of the Security Agreement is attached hereto and incorporated herein as Exhibits C. The Security Agreement covers, among other things:

> All Farm Products, Inventory, Goods, Equipment, Accounts, Payment Intangibles, and General Intangibles, including but not limited to all livestock, branded or unbranded, and including but not limited to all beef cattle, dairy cattle, sheep, goats, and swine and all progeny, offspring, livestock in gestation, and Proceeds therefrom, . . . (the "Collateral")

4. Defendants Henrik Hauschildt and Ricarda Hauschildt executed a Guaranty in favor of Plaintiffs guaranteeing payment and performance of each and every debt, liability and obligation of Defendant Double H, including but not limited to the Loan. A true and correct copy of the Guaranty is attached hereto and incorporated herein as Exhibit D.

5. The Loan Agreement, Note, Security Agreement, and Guaranty, are collectively referred to herein as the "Loan Documents."

6. The Loan has matured under its own terms, has not been repaid, and is in default.

7. Defendant Double H operates a dairy in Hamilton County (the "Dairy"). Double H is at imminent risk of being evicted from the property on which it conducts its dairy operations. On May 28, 2024, in Cause no. EV9130271 in the Justice Court, Precinct No. 1, Hamilton County, Texas, Defendants sued to evict them from occupation of the Dairy. A true copy of the Sworn Complaint for Forcible Detainer of Defendants seeking eviction of

Scanned with CamScanner

Defendants from the Dairy is attached, marked Exhibit E, and is incorporated by reference. The eviction suit is set for trial on June 18, 2024. This event places Plaintiffs' Collateral at risk because the lactating dairy cows that are a part of the Collateral need daily milking, feeding, and care in the specialized environment of a dairy, and the other cows need daily feeding and care.

8. Plaintiffs need the assistance of the Court to enforce their lien under the Security Agreement and prohibit Defendants from selling, concealing, disposing, transferring, wasting, or destroying Plaintiffs' Collateral, because Defendants have refused to permit Plaintiffs to obtain possession of the cattle that are a part of the Collateral, and therefore this action cannot be taken without court process and is needed to avoid irreparable injury. Due to the highly movable nature of cattle, the need of the cattle to receive daily care, including milking, and the volatility in the cattle market, an injunction and temporary restraining order is necessary to protect Plaintiffs' interest in the Collateral.

9. The Court further finds and concludes that pursuant to § 65.011 of the Texas Civil Practice & Remedies Code, the Injunction requested by AgTexas is warranted, for the following reasons:

    a. The Loan has matured and is in default.

    b. Defendants have expressed an intent to sell the Collateral.

    c. Defendant Double H is in danger of being evicted from its Dairy, which will place the Collateral that is cattle, especially the milking cows, at imminent risk of harm.

    d. Defendant Double H does not have the financing capability that is needed to provide the daily feeding and care for the Collateral that is cattle.

    e. If the cattle are not given required feed and care, there is an increased likelihood of death loss, resulting in the complete inability to sell the animal. This will result in a total economic loss to Plaintiffs due to the loss of the Collateral.

    f. Plaintiffs need this Court's assistance to preserve their interest in the Collateral to prevent Defendants from disposing of the Collateral by any means, and transferring possession of the Collateral to Plaintiffs.

Scanned with CamScanner

16. AgTexas is likely to succeed on the merits of this lawsuit. If Defendants are not restrained or enjoined as requested herein, AgTexas will suffer imminent, irreparable injury, including their interest in the subject cattle. There is no adequate remedy at law for AgTexas' damages, as the damages could include the loss or death of its cattle collateral.

17. Defendants should be enjoined from interfering with Plaintiffs' exercise of their rights to protect their interests in the cattle collateral until such time as a trial on the merits of this matter may be held, and the respective rights and duties of all parties may be properly adjudicated.

18. The Court finds there is probable cause to believe that unless Defendants are immediately restrained and enjoined as provided in this order, damage to property of Plaintiffs will occur, and this will occur before the notice and hearing can be held in this cause, and that if these acts are carried out, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

**It is therefore ordered:**

That Defendants and their agents, servants, officers, directors, employees, and others controlling, controlled by or affiliated with them, and those in privity, are temporarily restrained from selling, disposing of or moving the cattle the subject of Plaintiffs' security interest from the Dairy without Plaintiff's written consent, and are Ordered to permit Plaintiffs to conduct reasonable inspections of these cattle on at least a daily basis to verify their health and head count. Plaintiffs are authorized to apply to this Court on an emergency basis to modify this Order if they reasonably conclude that the cattle are or will be moved from the Dairy by Defendants or third parties, or the health of these cattle is in danger, to obtain possession of the cattle that are the subject of their security interest or for other relief.

This order shall not be effective unless and until Plaintiffs execute and file with the clerk a bond with adequate surety, or alternatively, a cash bond, in the amount of $10,000. If Plaintiffs choose to post a cash bond, such funds shall be deposited at interest by the clerk.

A hearing on Plaintiffs' application for temporary injunction is hereby set on the 26th day of JUNE, 2024, in the District Courtroom of this Court in Hamilton County, Texas, at 9 o'clock a.m.

Signed this 12th day of June, 2024, at 2:47 o'clock p.m.

_____
Judge Presiding

Temporary Restraining Order - Page 5                    101049-0005 4869-5816-4421v1

Scanned with CamScanner

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 88739771
Filing Code Description: No Fee Documents
Filing Description: TEMPORARY RESTRAINING ORDER
Status as of 6/12/2024 4:22 PM CST

Associated Case Party: AgTexas Farm Credit Services

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephanie Schwab | 24088370 | sschwab@namanhowell.com | 6/12/2024 4:18:09 PM | SENT |
| David L. Lebas | 12098600 | dlebas@namanhowell.com | 6/12/2024 4:18:09 PM | SENT |

Scanned with CamScanner

FILED FOR RECORD
Hamilton County, Texas

JUN 1 7 2024

Sandy Layhew
Clerk 220th District Court

IN THE 220TH JUDICIAL DISTRICT COURT
HAMILTON COUNTY, TEXAS

| | |
|---|---|
| AGTEXAS FARM CREDIT SERVICES and AGTEXAS, PCA<br><br>Plaintiffs.<br><br>v.<br><br>DOUBLE H DAIRY, LLC, HENRIK HAUSCHILDT, AND RICARDA HAUSCHILDT<br><br>Defendants. | §§§§§§§§§§§§§<br><br>NO. 24-097-DCCV-00056 |

## CASH BOND

WHEREAS in the above-entitled and numbered cause, in which AgTexas Farm Credit Services and AgTexas, PCA are Plaintiffs, seeking injunctive relief against Defendants Double H Dairy, LLC, Henrik Hauschildt, and Ricarda Hauschildt, the Honorable Court did on the 12th day of June, 2024, sign an order granting a temporary restraining order against said Defendants and requiring Plaintiffs to make, execute, and file a bond in the sum of $10,000.00, payable to the Hamilton County District Clerk's Office, in conformity with the law.

THEREFORE, KNOW ALL MEN BY THESE PRESENTS. that AgTexas Farm Credit Services and AgTexas, PCA do hereby acknowledge themselves bound to pay to the extent of the penal amount of this cash bond all damages and costs as may be adjudged against it for wrongfully requesting a restraining order in the aforesaid cause.

Scanned with CamScanner

AGTEXAS FARM CREDIT SERVICES and
AGTEXAS, PCA

By: _____
Its Relationship Manager-IV-Agribusiness

APPROVED this 18th day of June, 2024,
by Sandy Layhew, District Clerk in and for the
220th Judicial District Court in and for Hamilton
County, Texas.

By: Angela Inbbs
Deputy

**FILED FOR RECORD**
Hamilton County, Texas

JUN 1 8 2024

Sandy Layhew
Clerk 220th District Court

Scanned with CamScanner