IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HENRIK HAUSCHILDT, | § | |
| *Plaintiff,* | § § § | |
| *v.* | § § § | CASE NO. 6:24-CV-00086-ADA-DTG |
| AGTEXAS FARM CREDIT SERVICES, | § § § § | |
| *Defendant,* | § § | |

REPORT & RECOMMENDATION TO GRANT MOTION TO DISMISS (DKT. NO. 17)

TO:   THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendant, AgTexas Farm Credit Services' motion to dismiss this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 17). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **GRANTED** and that this case be **DISMISSED** for want of subject-matter jurisdiction.

## I.     BACKGROUND

The pro se plaintiff, Henrik Hauschildt, alleges that the defendant, AgTexas Farm Credit Services, issued him two loans[1] and then improperly performed upon those loans by using

---

[1] The defendant denies that it made any loans to the plaintiff and claims that it granted the loans at issue to Double H Dairy, LLC, with the plaintiff serving as the loans' guarantor. Dkt. No. 17

"extraneous and unnecessary Federal Reserve Notes . . . to pay the accounts." Dkt. No. 15 ¶¶ 10–14. The plaintiff claims that "[p]roper performance would have been to indorse the original collateral securities under qualified/special negotiation, prior to them being exchanged for Federal Reserve Notes." *Id.* ¶ 15. The plaintiff states that, upon discovering the "improper performance," his "agent" sent a "parcel" to the defendant containing a "series of orders" that constituted "unconditional tender payment" of the loans. *Id.* ¶¶ 40–48. The plaintiff argues that these orders "discharged" the loans at issue and that the defendant has failed to return to him "overpayments" which he is now due. *Id.* ¶ 61. To recover the overpayments, the plaintiff filed the instant suit, bringing six causes of action under Texas common law and one claim for violations of 42 U.S.C. § 1994. *Id.* ¶ 55–125.

The defendant moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(1), arguing that it is so frivolous as to deprive the Court of its subject-matter jurisdiction. Dkt. No. 17 at 3–4. In the alternative, the defendant argues that this case should be dismissed for failure to state a cognizable claim for relief under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 4.

## II.    ANALYSIS

As a preliminary matter, the plaintiff fails to allege a cognizable basis for federal jurisdiction on the face of his complaint. The plaintiff claims that this case belongs in federal court because "[t]hrough the power of naturalization, found in 8 U.S.C. § 1101(a)(23), Henrik Hauschildt confers the nationality of the state called 'STATE OF TEXAS' on HENRIK HAUSCHILDT, after birth, by any means whatsoever." Dkt. No. 15 ¶ 2. This is not a basis for federal jurisdiction. But as the plaintiff is pro se, the Court construes his complaint broadly and considers whether the complaint's allegations may support the Court's jurisdiction over the suit.

---

at 2 n.1. Because this factual dispute does not affect the Court's analysis, the Court disregards it for the purposes of this motion.

*C.f. Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002) (considering a complaint in its entirety to determine if establishes jurisdiction despite the pro se plaintiff's failure to specify the jurisdictional basis as required under statute).

There is no diversity jurisdiction or federal question jurisdiction. The complaint states that all parties to this suit reside in Texas. *See* Dkt. No. 15 ¶¶ 5–9. The Court therefore finds that there is no diversity of citizenship and turns to whether this matter may proceed under federal question jurisdiction. While the complaint allegedly asserts a federal cause of action, the defendant alleges that this claim is too frivolous to invoke the Court's subject-matter jurisdiction. Dkt. No. 17 at 3. The Court agrees.

Federal Rule of Civil Procedure 12(b)(1) mandates that federal courts dismiss cases in the absence of subject-matter jurisdiction. To properly invoke federal question jurisdiction, the plaintiff must "advance plausible, colorable claims that 'arise under' federal law." *Rollins Env't Servs. (FS), Inc. v. St. James Par.*, 775 F.2d 627, 631 (5th Cir. 1985). "[T]he pleading burden to establish federal question jurisdiction is low: only claims 'patently without merit . . . justify the district court's dismissal for want of jurisdiction.'" *Young v. Hosemann*, 598 F.3d 184, 189 (5th Cir. 2010) (quoting *Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981)). A claim is so frivolous or insubstantial as to warrant a Rule 12 (b)(1) dismissal if it "has no plausible foundation" or is "clearly foreclosed by a prior Supreme Court decision." *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977).

The only federal claim before the Court is the plaintiff's peonage claim, which requires that the defendant hold the plaintiff in a condition of involuntary servitude. 42 U.S.C. § 1994. The plaintiff argues that he was "forced to work and perform under [the loans] as 'debt.'" Dkt. No. 15 ¶ 18; *see also* Dkt. No. 18 at 10 (stating that the "invisible shackles of fake debt" puts

him in a "situation of peonage"). In support, the plaintiff claims that the defendant obtained a temporary restraining order in state court that allowed it to seize the loans' collateral, evidencing the "coercive measures" being taken against him. *Id.* (citing Pl.'s Ex. 5).

This interpretation of 42 U.S.C. § 1994 was foreclosed by the Supreme Court of the United States in *United States v. Reynolds*, 235 U.S. 133 (1914). In *Reynolds*, the Supreme Court explained that a "clear distinction exists between peonage and the voluntary performance of labor . . . in payment of a debt. In the latter case, the debtor, through contract to pay his indebtedness by labor or service, and subject like any other contract to an action for damages for breach of that contract, can elect at any time to break it, and no law or force compels performance or the continuance of the service." 235 U.S. at 144. Here, the plaintiff alleges he was contracted to pay a debt and lost his collateral after he decided he no longer had to pay it. Nothing compels him to work in the defendant's service—he merely faces damages for the breach of a contract. The Court therefore finds that this action is too frivolous to invoke its subject-matter jurisdiction and **RECOMMENDS** that the defendant's motion to dismiss under Rule 12(b)(1) (Dkt. No. 17) be **GRANTED**.

The defendant also asks the Court to dismiss this matter with prejudice under Rule 12(b)(6). Dkt. No. 17 at 12. Because the Court has found that it does not have subject-matter jurisdiction, it does not reach whether this matter warrants dismissal under Rule 12(b)(6). *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("[W]hen [subject-matter jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). The Court **RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2001) (stating that a dismissal under Rule 12(b)(1) does not prevent the plaintiff from pursuing the claim in a court with jurisdiction).

## III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 17) be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE**.

## IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 4th day of May, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE